**David PILANT, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1080S395.

Supreme Court of Indiana.

July 9, 1981.

Dennis R. Majewski, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Indianapolis, for appellee.

HUNTER, Justice.

The defendant, David Pilant, was convicted by a jury of four counts of armed robbery, class B felonies, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and was sentenced to four concurrent terms of thirteen years. His direct appeal raises the sole issue of whether the sentence imposed was manifestly unreasonable and constituted an abuse of discretion in that the court did not consider the mitigating circumstances presented at the sentencing hearing.

A brief summary of the facts from the record necessary to our disposition of this issue shows that defendant robbed four different businesses in Terre Haute, Indiana, during the early morning hours of November 19, 1979. Defendant was convicted by a jury on all four counts on April 16, 1980, and was sentenced at a sentencing hearing on May 13, 1980. The court heard extensive evidence from several witnesses presented by defendant including his wife, two ministers, and an employee from the children's home in which he had lived as a boy. The court also heard testimony from the probation officer who filed the presentence report and questioned the officer extensively about certain portions of the report. Both the state and defendant's coun-

sel gave lengthy arguments regarding the appropriate sentence under the circumstances of this case. The trial court sentenced defendant to four concurrent thirteen-year terms giving very complete reasons for this sentence.

We would first note that one error which the state raises concerning the record has been corrected. When this case was filed with us, the record of the sentencing hearing and the order book entries of that date were not included. This Court, under the authority of Ind.R.Ap.P. 7.2(C)(2), filed a petition for certiorari ordering the trial court to prepare a supplemental record of proceedings containing a copy of the sentencing transcript and the order imposing sentencing and judgment. The complete record is now before us.

■ Defendant first contends that the sentencing statute for class B felonies does not provide authority for the court to add an additional three years to the basic ten-year sentence. He argues that the statute provides for an additional ten years to be added to the basic ten-year sentence when aggravating circumstances are found, but that the statute does not provide for any shorter number of years to be added to the basic sentence. This is clearly not the meaning of the statute which reads:

"A person who commits a class B felony shall be imprisoned for a fixed term of ten [10] years, with not more than ten [10] years added for aggravating circumstances or not more than four [4] years subtracted for mitigating circumstances . . . ." Ind.Code § 35–50–2–5 (Burns 1979 Repl.).

The clear meaning of this statute is that any number of years up through, but not more than, ten may be added at the discretion of the trial court when aggravating circumstances are found. *Hinton v. State*, (1979) Ind., 397 N.E.2d 282.

■ Defendant next contends that the sentence is improper in light of the mitigating circumstances shown in his case. It is clear that our statute lists ten factors which the court may consider as mitigating circumstances and six factors which the court

may consider as aggravating circumstances. Ind.Code § 35–4.1–4–7(b) and (c) (35–50–1A–7[b] and [c] Burns 1979 Repl.). The statute further states that the listed criteria "do not limit the matters that the court may consider in determining the sentence." Ind.Code § 35–4.1–4–7(d) (35–50–1A–7[d] Burns 1979 Repl.).

Defendant claims that he fits six of the ten factors which can be mitigating circumstances. He points to evidence showing that he was physically abused as a child and then raised in an orphanage. He contends that this lack of proper adult guidance and family support are factors which help explain his actions. Testimony also showed that he was operating under severe stress at the time of the crimes, as he had just been laid off from his job, had a wife and small baby to support and was heavily in debt to finance companies. He was nineteen years old and the evidence also showed that he was under the influence of drugs and alcohol on the night of the criminal activity. Defendant further points out that his only prior criminal record consisted of convictions for driving while intoxicated and battery in resisting law enforcement. He was on probation for these convictions when the instant crimes occurred. There was also testimony from several witnesses which showed that defendant was remorseful. Defendant finally points to evidence which shows that his imprisonment will result in severe hardship for his dependents.

The record before us is clear that the trial court carefully considered all these mitigating factors in determining the sentence. The court said:

"So it seems that we have just about as many—many mitigating circumstances as we have aggravating circumstances—under these criteria as set forth in the statute.

\*　　\*　　\*　　\*　　\*　　\*

"You may not agree with what the Court's sentence will be in this case, but I can assure you that I'm—in my own mind—doing what I think is correct, fair and just in this case from both the stand-

point of the Defendant as well as the standpoint of the citizens of this community, society as a whole."

The court specifically listed the following aggravating circumstances as supporting the imposition of three years to the basic ten-year term:

"At the time of the offenses charged herein, the Defendant was on probation; the Defendant has a history of criminal activity; the Defendant is in need of rehabilitative treatment that can best be provided by his commitment to a penal facility; the Defendant committed four armed robberies in one evening with a loaded shotgun, and the probability of injury to innocent persons was great."

From the record before us, we find that the court based his determination of the increased sentence upon a consideration of the specific facts of the instant crimes, the aggravating and mitigating circumstances involved and the relation of the sentence imposed to the objectives which will be served by that sentence. Accordingly, we cannot say that the sentence is manifestly unreasonable. Ind.R.App.Rev.Sen. 2.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.